*Court of Appeals, Third Circuit, Parish of St. Martin.*

FELIX BROUSSARD *v.* BABIN, GUIDRY & CO.

1. The failure to mention the amount of the judgment appealed from, or to insert the words "devolutive appeal" in a bond furnished for such an appeal, is not fatal.
2. Judicial bonds will be construed by reference to the law or laws, and the order of court, if any, under which they are given.
3. In a suit against an ordinary partnership, whereof the members are bound jointly for its debts, if the whole claim be in amount sufficient, each partner may appeal, although his portion of the obligation be less than the amount necessary to give this Court jurisdiction.
4. Where prescription has been plead for the first time before the Appellate Court, and the plaintiff asks for the remanding of the case to establish an interruption, it will be done.

*Appeal from the Twenty-first Judicial District Court, Parish of St. Martin. Fontelieu, Judge.*

*F. Voorhies* for plaintiff.

*C. H. Mouton* for defendant and appellant.

ON MOTION TO DISMISS.

MOORE, J.—Plaintiff sues defendants, a planting partnership, for $499.00, with interest, for advances and necessary

Broussard vs, Babin, Guidry & Co.

supplies, for their plantation, to enable them to carry on their planting operations.

Only one of the defendants, Emile Babin, made an appearance in court and filed, in answer to the suit, a general denial, and also denied specially, that he had ever authorized the partnership, or any member thereof, to purchase goods, obtain advances or supplies, or to make any assumption of payment, so as to bind him personally. A judgment by default was taken against the other defendant. The court *a qua* rendered a final judgment jointly against the defendants for the amount sued on.

From this judgment Babin alone has taken a devolutive appeal. Two motions to dismiss the appeal have been filed in this court, on the following grounds : 1st. That the bond of appeal is invalid in form and illegal, for the reason that it has never been approved and accepted by the clerk. 2d. The amount of the judgment is not mentioned in the bond, and the amount fixed by the court, and required either for a devolutive or suspensive appeal, is not set forth in the bond. 3d. No mention is made in the bond either of a suspensive or devolutive appeal; the bond merely showing that the appellant has prayed for a (blank) without specifying what. The other motion to dismiss was made on the ground that this Court is without jurisdiction "*ratione materiæ*," the judgment appealed from being joint, and each partner being liable thereunder for one-third of the whole debt, which is less than $200.00.

We will take up the motions in their order.

That made on the ground of defectiveness of the bond. It is in proof that the bond was accepted, approved and filed by the clerk.

It is not necessary to the validity of an appeal bond of this kind that the amount of the judgment appealed from should be mentioned in the bond.

The amount fixed by the judge of the court below, in his order granting the appeal, viz., $50.00, is set forth in the bond. The third ground set forth in this motion we also decree insufficient.

The defendant, as it appears from an extract from the minutes of the court, moved in open court for a devolutive appeal. This was on the day the judgment was rendered and signed. The order of appeal was granted in open court and entered on the minutes. In this order the title of the suit is given; the nature thereof is stated and the amount of the bond is fixed. The appeal was from the judgment mentioned in the order and in the motion for an appeal. There can be no difficulty in identifying the bond with the suit and the judgment; payment thereof could not be successfully resisted by the signers thereof on the ground mentioned in the motion to dismiss.

The bond is a judicial bond, and it is a well established principle of law, in this State, that judicial bonds should be construed by reference to the law in pursuance of which they were given. 15 La. An. 68; 29 La. An. 527.

It has been held by the Supreme Court that any clause which is superadded in such a bond must be rejected, and any clause that is omitted must be supplied. 16 La. 174, 196 ; 3 La. An. 663; 12 La. An. 63.

We consider the bond given in this case sufficient, and such a one as the law and the order of the judge contemplated, and as could be recovered in a suit against the makers thereof.

We do not consider the ground upon which is based the motion to dismiss, *ratione mataria*, tenable. The suit is for $499, with interest. It was brought against the members of a partnership, all residing in the same jurisdiction. It is true that the partnership is an ordinary one, and that the members thereof were only jointly liable ; but the partnership was a legal entity, and was chargeable with the debt, and the entire property thereof was responsible for its payment. The plaintiff had a right to unite all the members of the partnership as defendants, in one and the same suit. His action was for a sum of money exceeding the amount necessary to give jurisdiction to this Court. 24 La. An. 442; 25 La. An. 291, 325. The motions to dismiss are overruled.

## ON THE MERITS.

MOORE, J.—The plea of prescription has been, for the first time in this suit, filed in this Court in behalf of defendant.

The plaintiff has had no opportunity of showing an interruption of prescription, and at the suggestion of plaintiff's counsel, we will remand this case to the court *a qua*, to be again tried, in order that plaintiff may have an opportunity of showing an interruption of prescription.

It is, therefore, ordered, adjudged and decreed that as far as the defendant Babin is concerned, the judgment of the court *a qua* be avoided and annulled; and it is further ordered, that this case be remanded to the District Court of the Twenty-first Judicial District, in order that further proceedings therein may be had, in accordance with law and the views expressed herein. It is further ordered that plaintiff pay the costs of appeal.